**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CMTZ Holdings, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 3:25-CV-00497 |
| PENTAGON FEDERAL CREDIT UNION, | (MEHALCHICK, J.) |
| Defendant. | |

**MEMORANDUM**

On February 11, 2025, Plaintiff CMTZ Holdings, LLC ("CMTZ") initiated this action by filing a complaint against Defendant Pentagon Federal Credit Union ("Pentagon") in the Luzerne County Court of Common Pleas. (Doc. 1-1). On March 18, 2025, Pentagon removed this action to this Court. (Doc. 1). Presently before the Court is Pentagon's motion to dismiss. (Doc. 4). For the following reasons, Pentagon's motion to dismiss is **GRANTED**. (Doc. 4).

**I.      BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from the complaint and, for the purposes of the instant motion, is taken as true. (Doc. 1-1). Pentagon is a federally chartered credit union whose main office and principal place of business is in Virginia. (Doc. 1-1, at 5). CMTZ is a business with its main office and primary place of business in Pennsylvania. (Doc. 1-1, at 5). Pentagon was the owner of an office building located at 800-880 Schecter Drive, Wilkes-Barre Township, Luzerne County, Pennsylvania, 18702 (the "Schecter Drive Property"). (Doc. 1-1, at 5). On June 18, 2024, Pentagon entered into an agreement with CMTZ to sell the Schecter Drive Property for $1,400,000.00 with a security deposit of $50,000.00. (Doc. 1-1, at 6). However, unbeknownst to CMTZ until after it entered into the agreement, Verizon

Communications ("Verizon") held a right of first refusal over the Schecter Driver Property under a lease agreement between Pentagon and Verizon. (Doc. 1-1, at 6). Further, unbeknownst to CMTZ at the time it entered into the agreement, Verizon held an easement directly through the rear portion of the property. (Doc. 1-1, at 6).

After discovering these issues, CMTZ sent Pentagon a letter of termination on August 26, 2024. (Doc. 1-1, at 7). Pentagon subsequently agreed to reduce the purchase price from $1,400,000 to $1,325,000. (Doc. 1-1, at 7). As part of this change, the parties entered into an addendum to the agreement dated September 3, 2024, which stated that the agreement could be "terminated by buyer or seller, with all deposit monies returned to buyer according to the terms of paragraph 23 of the agreement." (Doc. 1-1, at 7). Pentagon was unable to resolve issues related to Verizon's right of first refusal and as a result, CMTZ terminated the agreement to purchase the Schecter Drive Property. (Doc. 1-1, at 7). Between June 18, 2024, the original contract date, and August 26, 2024, the day CMTZ sent its termination letter, CMTZ expended $66,101.42 for architectural plans and interior designs and $23,000 in attorneys' fees. (Doc. 1-1, at 7).

On October 16, 2024, CMTZ's counsel wrote to Pentagon to ask Pentagon to return CMTZ's $50,000.00 security deposit. (Doc. 1-1, at 7-8). Pentagon never responded to this request. (Doc. 1-1, at 8). On October 16, 2024, Hinerfield Commercial Real Estate, the co-broker for both CMTZ and Pentagon on the Schecter Drive Property sale, provided a proposed termination agreement which would allow CMTZ to recover its security deposit on the condition that it waived its rights to any other damages. (Doc. 1-1, at 8).

CMTZ's complaint alleges four counts, all brough under Pennsylvania law. (Doc. 1-1). In Count I, CMTZ alleges Pentagon is liable for breach of contract. (Doc. 1-1, at 8). In

Count II, CMTZ alleges Pentagon is liable for material misrepresentation or concealment. (Doc. 1-1, at 9-10). In Count III, CMTZ alleges Pentagon is liable for negligence. (Doc. 1-1, at 10). In Count IV, CMTZ alleges Pentagon is liable for unjust enrichment. (Doc. 1-1, at 11).

## II.   LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors*, Inc., 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat*

3

*Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

## III.    DISCUSSION

Pentagon moves to dismiss Counts II, III, and IV. (Doc. 5, at 4). Pentagon moves to dismiss both Counts II and III under the gist of the action doctrine. (Doc. 5, at 4, 6-7). Pentagon also moves to dismiss Count II because CMTZ allegedly had constructive and actual knowledge of Verizon's lease and because Count II is barred by the agreement's integration clause. (Doc. 5, at 4, 8-11). Pentagon moves to dismiss Count IV because unjust enrichment claims are barred by the existence of a valid and enforceable contract. (Doc. 5, at

4, 11). Finally, Pentagon avers that CMTZ fails to state a claim for attorneys' fees. (Doc. 5, at 12-13). The Court will address each issue in turn.

    A.  <u>Counts II and III are barred by the gist of the action doctrine.</u>

In Count II, CMTZ alleges Pentagon is liable for material misrepresentation or concealment. (Doc. 1-1, at 9-10). In Count III, CMTZ alleges Pentagon is liable for negligence. (Doc. 1-1, at 10). Pentagon avers that these claims are barred by the gist of the action doctrine because they are ordinary breach of contract claims which CMTZ recasts as tort claims. (Doc. 5, at 6-7). CMTZ counters that it is premature to dismiss claims under the gist of the action doctrine. (Doc. 7, at 5-6).

"Under Pennsylvania law, the 'gist of the action' doctrine 'precludes plaintiffs from recasting ordinary breach of contract claims into tort claims.'" *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010); *see also Guthrie Clinic v. Convergence CT, Inc.*, No. 4:23-CV-01396, 2024 WL 265868, at *1 (M.D. Pa. Jan. 24, 2024). The gist of the action doctrine applies where "the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract." *Bruno v. Erie Ins. Co.*, 630 Pa. 79, 112, 106 A.3d 48, 68 (2014); *see also Creighton Prop. Holdings, LLC v. Lewis Bros., Inc.,* No. 2:21-CV-279, 2021 WL 4523797, at *2-3 (W.D. Pa. Oct. 4, 2021). The gist of the action doctrine does not apply where "the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts." *Bruno*, 630 Pa. at 112; *see also PPG Indus., Inc. v. Generon IGS, Inc.*, 760 F. Supp. 2d 520, 528 (W.D. Pa. 2011).

Parties have a general "precontractual duty not to deceive through misrepresentation" and torts based on such a duty are not barred by the gist of the action doctrine. *SodexoMAGIC,*

*LLC v. Drexel Univ.*, 24 F.4th 183, 217 (3d Cir. 2022); *see Ozler v. PLA Logistics, Inc.*, No. 5:24-CV-04926, 2025 WL 376041, at *5 (E.D. Pa. Feb. 3, 2025) (denying a motion to dismiss based on the gist of the action doctrine because the plaintiff's tort claim was based on a precontractual duty not to deceive). However, claims related to misrepresentations regarding duties "enshrined in the contract," such as misrepresentations regarding a parties' intent to perform under the contract, are barred by the gist of the action doctrine because such claims sound in contract law, not tort law. *Vives v. Rodriguez*, 849 F. Supp. 2d 507, 521-22 (E.D. Pa. 2012); *see RRF Bldg., LLC v. Excel Dev. Grp.*, No. 1:23CV341, 2024 WL 3794664, at *5 (M.D. Pa. Aug. 12, 2024) (distinguishing claims based on "misrepresentations in negotiations leading up to the formation of the contract" which sound in tort law from claims based on misrepresentations regarding contractual duties such as performance which sound in contract law).

"A court should be cautious when determining that a claim should be dismissed under the gist of the action doctrine, due in part to the fact that Fed.R.Civ.P. 8(d)(2) allows parties to plead multiple claims as alternative theories of liability." *PPG Indus., Inc.*, 760 F. Supp. 2d at 528. However, a tort claim should be dismissed where the plaintiff fails to allege any facts suggesting the duty the defendant breached arises out of a general social duty rather than a contract. *See Caudill Seed & Warehouse Co. v. Prophet 21, Inc.*, 123 F. Supp. 2d 826, 834 (E.D. Pa. 2000) (dismissing a claim under the gist of the action doctrine because "plaintiff's fraud claim merely duplicates its breach of contract claim"); *see also Creighton Prop. Holdings, LLC*, 2021 WL 4523797, at *5 (noting courts are cautious to dismiss claims under the gist of the action doctrine but nonetheless dismissing a negligence claim where the alleged duty arose from the contractual relationship between the parties).

In Count III, CMTZ alleges that Pentagon "had a duty to [CMTZ] to carry out the sale of the real estate transaction as noted herein and breached that duty by not providing clean title and / or disclosing the Verizon lease." (Doc. 1-1, at 10). Pentagon's duties to "carry out the sale" of the Schecter Drive Property and provide clean title arise out of the sale agreement between Pentagon and CMTZ. (Doc. 1-1, at 6, 10). Count III is barred by the gist of the action doctrine because the relevant duty arises out of a contract, and not a "broader social duty owed to all individuals." *Bruno*, 630 Pa. at 112; *see Creighton Prop. Holdings, LLC*, 2021 WL 4523797, at *5.

In Count II, CMTZ alleges it "reasonably relied upon the representations contained in the agreement of sale as a predicate to incurring the architectural and planning fees since there were no additional considerations or contingencies for the transaction except for the Defendant Seller to provide possession and good title." (Doc. 1-1, at 9) (emphasis added). This claim also sounds in contract law rather than tort law. Pentagon's alleged misrepresentations are not pre-contractual misrepresentations, but rather misrepresentations within the contract itself regarding duties "enshrined in the contract." *Vives*, 849 F. Supp. 2d at 521-22; *see also RRF Bldg., LLC*, 2024 WL 3794664, at *5. Specifically, the misrepresentations relate to Pentagon's ability or intent to perform its duty to "provide possession and good title" of the Schecter Drive Property. (Doc. 1-1, at 9). As these misrepresentations sound in contract law, not tort law, Count II is also barred by the gist of the action doctrine.[1] *See Vives*, 849 F. Supp. 2d at 521-22; *see also RRF Bldg., LLC*, 2024 WL

---

[1] CMTZ's brief in opposition alludes to Pentagon "induc[ing]" CMTZ into entering a contract through misrepresentations. (Doc. 7, at 6). However, the complaint contains no allegations regarding Pentagon making pre-agreement misrepresentations to CMTZ and solely alleges that Pentagon made misrepresentations in the contract itself. (Doc. 1-1). The Court may not consider CMTZ's allegations of inducement outside of the complaint because

3794664, at *5. Accordingly, the Court **GRANTS** Pentagon's motion to dismiss Counts II and III.[2] (Doc. 4).

    B. <u>CMTZ's unjust enrichment claim is barred by the existence of an enforceable contract.</u>

In Count IV, CMTZ alleges Pentagon is liable for unjust enrichment. (Doc. 1-1, at 11). Pentagon argues that this claim is barred because CMTZ and Pentagon's relationship is governed by an enforceable contract, and further, that CMTZ may not plead an unjust enrichment claim in the alternative because there is no dispute regarding the validity or enforceability of the contract. (Doc. 5, at 11).

"[T]he doctrine of unjust enrichment contemplates that '[a] person who has been unjustly enriched at the expense of another must make restitution to the other.'" *Wilson Area Sch. Dist. v. Skepton*, 586 Pa. 513, 520 (2006) (quoting *Binns v. First Nat. Bank of Cal., Pa.*, 367 Pa. 359, 370 (1951)). However, "the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'" *Wilson Area Sch. Dist.*, 586 Pa. at 520 (quoting *Third Nat. Bank & Tr. Co. of Scranton v. Lehigh Val. Coal Co.*, 353 Pa. 185, 191, 44 A.2d 571, 574 (1945)).

"Where the existence of a contract is in dispute, a plaintiff may plead an unjust enrichment claim in the alternative." *Smith v. Univ. of Pennsylvania*, 534 F. Supp. 3d 463, 476

---

the Court may "consider only those facts alleged in the [] complaint." *Sites v. Nationstar Mortg. LLC*, 646 F. Supp. 2d 699, 712 (M.D. Pa. 2009).

[2] Because the Court finds Count II is barred by the gist of the action doctrine, the Court need not address Pentagon's alternative bases for dismissal of Count II. (Doc. 5, at 4, 8-11); *see Downs v. Andrews*, 639 F. App'x 816, 819 (3d Cir. 2016) (nonprecedential) (declining to address alternative bases for dismissal because dismissal was warranted under the gist of the action doctrine).

(E.D. Pa. 2021). To plead unjust enrichment in the alternative, there must be some dispute regarding the validity of the contract. *See Smith*, 534 F. Supp. 3d at 476 (dismissing an unjust enrichment claim because the parties did not dispute the validity of the contract); *see also Vantage Learning (USA), LLC v. Edgenuity, Inc.*, 246 F. Supp. 3d 1097, 1100 (E.D. Pa. 2017) (same).

CMTZ alleges it entered into an agreement for the sale of the Schecter Drive Property with Pentagon on June 18, 2024. (Doc. 1-1, at 6). Neither party provides any arguments disputing the validity of that contract, and Pentagon does not move to dismiss CMTZ's breach of contract claim. (Doc. 1-1; Doc. 4; Doc. 5; Doc. 7; Doc. 8). Accordingly, CMTZ cannot plead unjust enrichment in the alternative. *See Smith*, 534 F. Supp. 3d at 476; *see also Vantage Learning (USA), LLC*, 246 F. Supp. 3d at 1100. The Court **GRANTS** Pentagon's motion to dismiss Count IV. (Doc. 4).

C.  CMTZ FAILS TO STATE A CLAIM FOR ATTORNEYS' FEES.

Finally, CMTZ seeks "[attorneys'] fees as allowed by Pennsylvania law." (Doc. 1-1, at 11). Pentagon submits that CMTZ pleads "no facts or other grounds upon which an award of attorneys' fees could be based under Pennsylvania law." (Doc. 5, at 12). CMTZ avers that it "seeks the attorney's fees expended in attempting to address the title issue as allowed by Pennsylvania Supreme Court in *Polka v. May*." (Doc. 7, at 10).

"[I]n the absence of an agreement or statute providing for attorney's fees, the American rule is that 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *O'Brien v. Travelers Prop. & Cas. Ins. Co.*, 65 F. App'x 853, 855–56 (3d Cir. 2003) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Under Pennsylvania law, "[t]his so-called 'American Rule' holds true 'unless there is express

9

statutory authorization, a clear agreement of the parties or some other established exception.'" *McMullen v. Kutz*, 603 Pa. 602, 613 (2009). Courts will strike claims for attorneys' fees in breach of contract actions where a plaintiff fails to identify the statutory or contractual basis for obtaining attorneys' fees. *See Castillo v. Progressive Ins.*, No. 3:19CV1628, 2019 WL 5692771, at *4 (M.D. Pa. Nov. 4, 2019); *see also Guthrie Clinic*, 2023 WL 7287251, at *4.

CMTZ does not identify a contractual or statutory basis for collecting attorneys' fees. (Doc. 1-1). CMTZ's argument that it "seeks the [attorneys'] fees expended in attempting to address the title issue" relates to expenditures Pentagon allegedly subjected CMTZ to when it failed to disclose Verizon's right of first refusal and easement. (Doc. 1-1, at 7; Doc. 7, at 10). This argument provides a basis for awarding damages based on costs CMTZ incurred due to Pentagon's alleged misrepresentations, but it does not provide a basis for awarding attorney's fees relating to *this litigation*. *Polka v. May*, 383 Pa. 80, 85 (1955), the case CMTZ cites, emphasizes this point. (Doc. 7, at 10). In *Polka*, the Pennsylvania Supreme Court found that a plaintiff was entitled to costs associated with an attorney's search of title as damages because the search of title was part of the "expenses [the plaintiff] had incurred" due to a breach of contract. 383 Pa. at 82, 85. However, the court found that the plaintiff was not entitled to attorneys' fees arising from the litigation itself. *Polka*, 383 Pa. at 85. For these reasons, the Court **GRANTS** Pentagon's motion to dismiss CMTZ's claim for attorneys' fees.[3] (Doc. 4).

## IV.    LEAVE TO AMEND

---

[3] The Court's dismissal of CMTZ's claim for attorneys' fees relates only to attorneys' fees arising from this litigation. It does not relate to costs CMTZ may have incurred due to Pentagon's alleged breach of contract such as searches of title. Pentagon itself concedes that whether CMTZ is entitled to such damages "is not the question before the Court in this motion." (Doc. 8, at 7).

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Here, leave to amend would be futile regarding Count III and IV. Amending Count III, CMTZ's negligence claim, is futile because the claim is barred by the gist of the action doctrine and the duty Pentagon allegedly breached arises entirely out of the contractual relationship between CMTZ and Pentagon. *See Creighton Prop. Holdings, LLC*, 2021 WL 4523797, at *6 (denying plaintiffs leave to amend their negligence claim because the duty the defendant allegedly breached was entirely based on the parties' contractual relationship). Amending Count IV, CMTZ's unjust enrichment claim, is futile because there is no dispute regarding the validity of the contract between the parties. *See Vantage Learning (USA), LLC*, 246 F. Supp. 3d at 1101 (dismissing an unjust enrichment claim with prejudice where there was no dispute regarding the validity of the agreement between parties). As such, leave to amend Counts III and IV is **DENIED**.

However, the Court will grant leave to amend regarding Count II and CMTZ's claim for attorney's fees. Regarding Count II, CMTZ's material misrepresentation or concealment claim, amendment is not futile because CMTZ could allege that Pentagon breached a "precontractual duty not to deceive through misrepresentation" by alleging Pentagon made

misrepresentations outside of the contract.[4] *SodexoMAGIC, LLC*, 24 F.4th at 217. Amendment of CMTZ's claim for attorneys' fees is not futile because CMTZ could theoretically identify a statute or contractual provision which provides a basis for attorney's fees. *See McMullen*, 603 Pa. at 613 (finding that a plaintiff may be entitled to attorneys' fees if they establish "express statutory authorization, a clear agreement of the parties or some other established exception" which entitled them to the fees). As such, leave to amend Count II and CMTZ's claim for attorneys' fees is **GRANTED**.

V.    CONCLUSION

For the foregoing reasons, Pentagon's motion to dismiss is **GRANTED.** (Doc. 4). Counts III and IV are **DISMISSED with prejudice**. (Doc. 1-1). Count II and CMTZ's claim for attorneys' fees are **DISMISSED without prejudice**. (Doc. 1-1). CMTZ is granted leave to file an amended complaint within 21 days, on or before March 30, 2026.

An appropriate Order follows.

**BY THE COURT:**

**Dated: March 9, 2026**          *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

---

[4] Pentagon's alternative bases for dismissal of Count III do not render amendment futile because they concern CMTZ's allegations that the contract itself provided misrepresentations and a potential amended complaint would concern alleged misrepresentations outside of the contract. (Doc. 5, at 8-11).